```
              UNITED STATES DISTRICT COURT
               DISTRICT OF NEW HAMPSHIRE
```

Donald Lelievre and Laurel Lelievre

    v.                                    Civil No. 12-cv-87-JL

JP Morgan Chase Bank et al.

**SUMMARY ORDER**

Plaintiffs Donald and Laurel Lelievre filed suit against JP Morgan Chase Bank, Mortgage Electronic Registration Systems, Inc. ("MERS"), Federal Home Loan Mortgage Corporation ("FHLMC"), and four other defendants in Merrimack County Superior Court. The Lelievres' state-court petition seeks, among other things, a declaratory judgment that none of the defendants owns their mortgage loan and that all of the defendants lack the right to foreclose under the mortgage, an order quieting title to the property securing the mortgage, and a permanent injunction prohibiting the defendants from foreclosing on that property. No federal question is presented on the face of the petition.

JP Morgan Chase, MERS, and FHLMC removed the case to this court. The only basis for this court's jurisdiction invoked in the notice of removal is diversity of the parties. See 28 U.S.C. § 1332(a)(1). The notice of removal avers that (1) the Lelievres are Virginia residents; (2) JP Morgan Chase is a corporation with its principal place of business in Ohio; and (3) MERS and FHLMC

are corporations with their principal places of business in Virginia.

There are multiple problems with the notice of removal.[1] For this court's purposes, though, only one problem matters. Based upon even the limited information provided in the notice of removal and accompanying documents, this court simply does not have jurisdiction of this matter under 28 U.S.C. § 1332 because the parties are not diverse.

Jurisdiction under 28 U.S.C. § 1332(a)(1) lies if "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and the action is between "citizens of different states." A corporation like MERS or FHLMC is deemed to be a citizen of both its state of incorporation and the state in which it has its principal place of business. Wachovia Bank v. Schmidt, 546 U.S. 303, 306 (2006). Because,

---

[1] To wit: the petition names seven defendants, and although complete diversity is required for this court's jurisdiction, see, e.g., Alvarez-Torres v. Ryder Mem'l Hosp., Inc., 582 F.3d 47, 53-54 (1st Cir. 2009), the notice provides citizenship information for only three of those defendants; the notice claims that JP Morgan Chase is a corporation, when it is, in fact, a national banking association, a distinction which has important implications for purposes of diversity jurisdiction, see Excelsior Funds, Inc. v. JP Morgan Chase Bank, N.A., 470 F. Supp. 2d 312 (S.D.N.Y. 2006); and corporations are also citizens of their states of incorporation, see, e.g., Gabriel v. Preble, 396 F.3d 10, 14 (1st Cir. 2005), but the notice provides no information on the states of incorporation for any of the three defendants who are claimed to be corporations.

according to the notice of removal, MERS and FHLMC both have a principal place of business in Virginia, both are citizens of Virginia. Based upon the information provided in the notice and petition, the Lelievres also appear to be Virginia citizens. Diversity jurisdiction, of course, requires complete diversity, i.e., no plaintiff can be a citizen of the same state as any defendant. Strawbridge v. Curtiss, 7 U.S. 267 (1806). It is plainly lacking here.

For the foregoing reasons, the case is REMANDED to Merrimack County Superior Court. The preliminary pretrial conference, currently scheduled for August 1, 2012, is, therefore, cancelled.

**SO ORDERED.**

_____
Joseph N. Laplante
United States District Judge

Dated: July 18, 2012

cc: Bryan W. Clickner, Esq.
    Peter Callaghan, Esq.